IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| Silvio Joselin, | ) | CIVIL ACTION NO._____ |
| | ) | |
| Plaintiff, | ) | <u>COMPLAINT</u> |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Rexall Sundown, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act, as amended, and the Age Discrimination in Employment Act, as amended, to correct unlawful employment practices and to provide relief to Plaintiff Silvio Joselin who was adversely affected by such practices. As alleged with greater specificity below, the employer Defendant, Rexall Sundown, Inc., subjected its employee, Plaintiff Silvio Joselin, to unlawful employment discrimination and retaliation.

<u>JURISDICTION AND VENUE</u>

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action is authorized and instituted pursuant to Section 703 of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-2, and the Age Discrimination in Employment Act, 29 U.S. Code §§ 623, et seq. ("ADEA"). This Court has supplementary jurisdiction over the counts brought under the Florida Civil Rights Act.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida. Therefore, in accordance with 28 U.S.C. §1391, venue is appropriate in this Court.

<u>PARTIES</u>

3.   During all times material, Plaintiff, Silvio Joselin ("Plaintiff" or "Joselin"), was an employee of Defendant Rexall Sundown, Inc. ("Defendant"), resided in Broward County, Florida and the causes of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4.   During all times material, Defendant provided nutritional services in Broward County, Florida and employed Joselin.

5.   At all relevant times, Defendant has continuously been doing business in the State of Florida and has continuously had at least 20 employees.

6.   At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).   At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 630(h).   At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. §2000e(b), Florida Statute § 760.02(7), and 29 U.S. Code § 630(b).

<u>CONDITIONS PRECEDENT</u>

7.   Joselin has exhausted all the requisite administrative remedies prior to bringing this action.  Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant.  Pursuant to a work sharing agreement, the Charge was dual filed with the Florida Commission on Human Relations ("FCHR").

8.   The EEOC sent Plaintiff a Notice of Right to Sue on or about February 23, 2021.  Joselin timely commenced this action.  As to the claims arising under the Florida Civil Rights Act, more

than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding.

<u>STATEMENT OF FACTS</u>

9.   Joselin is an African American Haitian male over the age of 40 years-old.

10. Joselin began employment with Defendant as a porter on or about April 28, 2008.

11. During December 2018, Joselin became aware that other employees of Defendant were receiving bonuses and wage increases whereas he was not.

12. Joselin contacted Defendant's human resources department about his lack of a bonus and wage increase because he objectively believed that the discrepancy was a result of his national origin and age.

13. After contacting human resources about said discrimination, Joselin's supervisors, Salvadore Sanchez and Matt Weber, sought to find an excuse to terminate Joselin's employment.

14. Joselin's weekly work schedule in the year 2019 was Monday through Friday.

15. On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following week.

16. On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

17. Joselin took Mr. Sanchez's advice and used his four vacation days the week of January 21st.

18. Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

19. Suddenly on January 30, 2019, Mr. Sanchez and Mr. Weber terminated Joselin's employment and used the pretextual excuse of alleged "job abandonment."

20. Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment.

21. Joselin's employment was terminated due to his race, national origin, age and in retaliation for engaging in protected activity in violation of Title VII of the Civil Right Act of 1964, as amended, the Florida Civil Rights Act, and the Age Discrimination in Employment Act.

22. During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

**COUNT I**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII**
**(Termination)**

23. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

24. Plaintiff is African American.

25. Plaintiff was the victim of discrimination on the basis of his race in violation of Title VII of the Civil Rights Act, as amended.

26. Joselin began employment with Defendant as a porter on or about April 28, 2008.

27. Joselin's weekly work schedule in the year 2019 was Monday through Friday.

28. Joselin's supervisor, Salvadore Sanchez, told Joselin on January 14, 2019 that Joselin had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

29. On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr.

Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

30. With the permission of Mr. Sanchez, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

31. Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

32. Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

33. Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment because of his race.

34. Joselin's employment was terminated due to his race in violation of Title VII of the Civil Right Act of 1964, as amended.

35. The termination of Joselin's employment is an adverse employment action.

36. Joselin is qualified for the position of porter.

37. During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

38. Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.

39. The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe

benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT II**
**DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII**
**(Termination)**

40. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

41. Plaintiff is of Haitian national origin.

42. Plaintiff was the victim of discrimination on the basis of his national origin in violation of Title VII of the Civil Rights Act, as amended.

43. Joselin began employment with Defendant as a porter on or about April 28, 2008.

44. Joselin's weekly work schedule in the year 2019 was Monday through Friday.

45. Joselin's supervisor, Salvadore Sanchez, told Joselin on January 14, 2019 that Joselin had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

46. On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

47. With permission from Mr. Sanchez, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

48. Joselin came back to work on Monday January 28th and worked his shift. Joselin also appeared for work on Tuesday January 29th and worked his shift.

49. Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

50. Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment because of Joselin's national origin.

51. Joselin's employment was terminated due to his national origin in violation of Title VII of the Civil Right Act of 1964, as amended.

52. The termination of Joselin's employment is an adverse employment action.

53. Joselin is qualified for the position of porter.

54. During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

55. Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.

56. The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT III
## <u>DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA</u>
### (Termination)

57. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

58. Plaintiff is over the age of forty (40) years old and was so during all times material.

59. Plaintiff was the victim of discrimination on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended.

60. Joselin began employment with Defendant as a porter on or about April 28, 2008.

61. Joselin's weekly work schedule in the year 2019 was Monday through Friday.

62. Joselin's supervisor, Salvadore Sanchez, told Joselin on January 14, 2019 that Joselin had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

63. On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

64. With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

65. Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

66. Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

67. Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment because of his age.

68. Joselin's employment was terminated due to his age in violation of Age Discrimination in Employment Act, as amended.

69. The termination of Joselin's employment is an adverse employment action.

70. Joselin is qualified for the position of porter.

71. During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

72. Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.

73. The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT IV
## RETALIATION DUE TO OPPOSING NATIONAL ORIGIN DISCRIMINATION
**(Termination)**
**(Title VII)**

74. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

75. Joselin was the victim of retaliation due to him opposing national origin discrimination in violation of Title VII of the Civil Rights Act.

76. Joselin is an individual who is of Haitian national origin.

77. Joselin began employment with Defendant as a porter on or about April 28, 2008.

78. During December 2018, Joselin became aware that other employees of Defendant were receiving bonuses and wage increases whereas he was not.

79. Joselin contacted Defendant's human resources department about his lack of a bonus and wage increase because he objectively believed that the discrepancy was a result of his national origin.

80. When Joselin had a meeting with human resources and his supervisor, Salvadore Sanchez, Joselin specifically stated that he believed that the lack of wage increase was due to his national origin.

81. After speaking with human resources and Mr. Sanchez about said discrimination, Mr. Sanchez and another supervisor, Matt Weber, sought to find an excuse to terminate Joselin's employment.

82. Joselin's weekly work schedule in the year 2019 was Monday through Friday.

83. On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

84. On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

85. With permission from Mr. Sanchez, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

86. Joselin came back to work on Monday January 28th and worked his shift. Joselin also appeared for work on Tuesday January 29th and worked his shift.

87. Suddenly on January 30, 2019, Mr. Sanchez and Mr. Weber terminated Joselin's employment and used the pretextual excuse of "job abandonment."

88. Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment in retaliation.

89. Joselin's employment was terminated due to opposing national origin discrimination in violation of Title VII of the Civil Right Act of 1964, as amended.

90. The termination of Joselin's employment is an adverse employment action.

91. Joselin is qualified for the position of porter.

92. Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

93. As a result of the Defendant's unlawful termination of his employment for opposing national origin discrimination, Plaintiff has suffered mental anguish and embarrassment.

94. During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

95. Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.

96. The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT V**
**RETALIATION DUE TO OPPOSING AGE DISCRIMINATION**
**(Termination)**
**(ADEA)**

97. The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

98. Joselin was the victim of retaliation due to him opposing age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

99. Joselin is an individual who is over forty (40) years-old and was so during all times material.

100.    Joselin began employment with Defendant as a porter on or about April 28, 2008.

101.    During December 2018, Joselin became aware that other employees of Defendant were receiving bonuses and wage increases whereas he was not.

102.    Joselin contacted Defendant's human resources department about his lack of a bonus and increase because he objectively believed that the discrepancy was a result of his age.

103.    When Joselin had a meeting with human resources and his supervisor, Salvadore Sanchez, Joselin specifically stated that he believed that the lack of wage increase was due to his age.

104.    After speaking with human resources and Mr. Sanchez about said discrimination, Mr. Sanchez and another supervisor, Matt Weber, sought to find an excuse to terminate Joselin's employment.

105.    Joselin's weekly work schedule in 2019 was Monday through Friday.

106.    On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

107.    On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

108.    With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

109.    Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

110.    Suddenly on January 30, 2019, Mr. Sanchez and Mr. Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

111.    Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment in retaliation.

112.    Joselin's employment was terminated due to opposing age discrimination in violation of the ADEA, as amended.

113.    The termination of Joselin's employment is an adverse employment action.

114.    Joselin is qualified for the position of porter.

115.     Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

116.     As a result of the Defendant's unlawful termination of his employment for opposing age discrimination, Plaintiff has suffered mental anguish and embarrassment.

117.     During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

118.     Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.

119.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021.  Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

**COUNT VI**
**<u>DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FCRA</u>**
**(Termination)**

120.     The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

121.     Plaintiff is African American.

122.     Plaintiff was the victim of discrimination on the basis of his race in violation of the Florida Civil Rights Act.

123.     Joselin began employment with Defendant as a porter on or about April 28, 2008.

124.     Joselin's weekly work schedule in the year 2019 was Monday through Friday.

125.     On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

126.     On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

127.     Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

128.     Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

129.     Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

130.     Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment based on his race.

131.     Joselin's employment was terminated due to his race in violation of the Florida Civil Rights Act.

132.     The termination of Joselin's employment is an adverse employment action.

133.     Joselin is qualified for the position of porter.

134.     During all times material, Defendant's employees, including, but not limited to,

Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

135.     Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

136.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT VII
## DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FCRA
### (Termination)

137.     The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

138.     Plaintiff is of Haitian national origin.

139.     Plaintiff was the victim of discrimination on the basis of his national origin in violation of the Florida Civil Rights Act.

140.     Joselin began employment with Defendant as a porter on or about April 28, 2008.

141.    Joselin's weekly work schedule in the year 2019 was Monday through Friday.

142.    On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

143.    On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

144.    With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

145.    Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

146.    Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

147.    Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment based on his national origin.

148.    Joselin's employment was terminated due to his national origin in violation of the Florida Civil Rights Act.

149.    The termination of Joselin's employment is an adverse employment action.

150.    Joselin is qualified for the position of porter.

151.    During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

152.    Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination

with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

153.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT VIII
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA
### (Termination)

154.     The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

155.     Plaintiff is over forty (40) years-old and was so during all times material.

156.     Plaintiff was the victim of discrimination on the basis of his age in violation of the Florida Civil Rights Act.

157.     Joselin began employment with Defendant as a porter on or about April 28, 2008.

158.     Joselin's weekly work schedule in 2019 was Monday through Friday.

159.     On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following week.

160.     On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

161.     With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

162.     Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

163.     Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

164.     Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment based on his age.

165.     Joselin's employment was terminated due to his age in violation of the Florida Civil Rights Act.

166.     The termination of Joselin's employment is an adverse employment action.

167.     Joselin is qualified for the position of porter.

168.     During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

169.     Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

170.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT IX
## RETALIATION DUE TO OPPOSING NATIONAL ORIGIN DISCRIMINATION
### (Termination)
### (FCRA)

171.     The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

172.     Joselin was the victim of retaliation due to him opposing national origin discrimination in violation of the Florida Civil Rights Act.

173.     Joselin is an individual who is of Haitian national origin.

174.     Joselin began employment with Defendant as a porter on or about April 28, 2008.

175.     During December 2018, Joselin became aware that other employees of Defendant were receiving bonuses and wage increases whereas he was not.

176.     Joselin contacted Defendant's human resources department about his lack of a bonus and wage increase because he objectively believed that the discrepancy was a result of his national origin.

177.     When Joselin had a meeting with human resources and his supervisor, Salvadore Sanchez, Joselin specifically stated that he believed that the lack of wage increase was due to his national origin.

178.     After speaking with human resources and Mr. Sanchez about said discrimination, Mr. Sanchez and another supervisor, Matt Weber, sought to find an excuse to terminate Joselin's employment.

179.     Joselin's weekly work schedule in the year 2019 was Monday through Friday.

180.     On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

181.     On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

182.     With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

183.     Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

184.     Suddenly on January 30, 2019, Mr. Sanchez and another supervisor, Matt Weber, terminated Joselin's employment and used the pretextual excuse of "job abandonment."

185.     Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment in retaliation.

186.     Joselin's employment was terminated due to opposing national origin discrimination in violation of the Florida Civil Rights Act.

187.     The termination of Joselin's employment is an adverse employment action.

188.     Joselin is qualified for the position of porter.

189.     Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

190.     As a result of the Defendant's unlawful termination of his employment for opposing national origin discrimination, Plaintiff has suffered mental anguish and embarrassment.

191.     During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

192.     Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

193.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

## COUNT X
## <u>RETALIATION DUE TO OPPOSING AGE DISCRIMINATION</u>
### (Termination)
### (FCRA)

194.     The allegations set forth in Paragraphs 1 through 8 are re-alleged as if fully set forth herein.

195.     Joselin was the victim of retaliation due to opposing age discrimination in violation of the Florida Civil Rights Act.

196.     Joselin is an individual who is over forty (40) years old and was so during all times material.

197.     Joselin began employment with Defendant as a porter on or about April 28, 2008.

198.     During December 2018, Joselin became aware that other employees of Defendant were receiving bonuses and wage increases whereas he was not.

199.     Joselin contacted Defendant's human resources department about his lack of a bonus and wage increase because he objectively believed that the discrepancy was a result of his age.

200.     When Joselin had a meeting with human resources and his supervisor, Salvadore Sanchez, Joselin specifically stated that he believed that the lack of wage increase was due to his age.

201.     After speaking with human resources and Mr. Sanchez about said discrimination, Mr. Sanchez and another supervisor, Matt Weber, sought to find an excuse to terminate Joselin's employment.

202.     Joselin's weekly work schedule in the year 2019 was Monday through Friday.

203.     On January 14, 2019, Mr. Sanchez told Joselin that he had 4 vacation days that he could use in order to be on vacation the entirety of the following workweek.

204.     On January 14, 2019, Mr. Sanchez explained to Joselin that the following Monday was January 21st which was Martin Luther King Day and Defendant would be closed. Thus, Mr. Sanchez told Joselin that he could use his four vacation days on the following Tuesday, Wednesday, Thursday and Friday.

205.     With Mr. Sanchez's permission, Joselin took Mr. Sanchez's advice and used the four vacation days the week of January 21st.

206.     Joselin came back to work on Monday January 28th and worked his shift.  Joselin also appeared for work on Tuesday January 29th and worked his shift.

207.     Suddenly on January 30, 2019, Mr. Sanchez and Matt Weber terminated Joselin's employment and used the pretextual excuse of "job abandonment."

208.     Joselin did not abandon his job and Mr. Sanchez and Mr. Weber are using that excuse as pretext to terminate Joselin's employment in retaliation.

209.     Joselin's employment was terminated due to opposing age discrimination in violation of the Florida Civil Rights Act.

210.     The termination of Joselin's employment is an adverse employment action.

211.     Joselin is qualified for the position of porter.

212.     Defendant has no legitimate non-retaliatory, non-discriminatory reason for terminating Plaintiff's employment.

213.     As a result of the Defendant's unlawful employment termination for opposing age discrimination, Plaintiff has suffered mental anguish and embarrassment.

214.     During all times material, Defendant's employees, including, but not limited to, Mr. Sanchez and Mr. Weber, acted within the scope of their employment with Defendant.

215.     Joselin has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, Joselin timely filed a Charge of Discrimination with the EEOC.  Pursuant to a work sharing agreement, the Charge was dual filed with the FCHR.

216.     The EEOC provided Joselin with a Right to Sue letter on or about February 23, 2021. More than one hundred eighty days have passed since the filing of the Charge and the FCHR has not issued either a "cause" or "no cause" finding. Joselin timely commenced this action.

WHEREFORE Plaintiff demands judgment against Defendant and respectfully requests declaratory relief and all damages, including back pay, front pay, wages, salary, and fringe benefits, compensatory damages, including those for future loss, emotional distress, pain and suffering, inconvenience and embarrassment, mental anguish, and enjoyment of life, punitive damages, plus pre-judgment interest, post-judgment interest, taxable costs and attorneys' fees, and any other relief deemed just and proper by the Court.

<u>JURY TRIAL DEMAND</u>

Plaintiff Silvio Joselin demands a trial by jury on all issues so triable.

Date: Monday, May 17, 2021

Respectfully submitted,


<u>*/s Nnamdi Jackson*</u>
Nnamdi S. Jackson
Fla. Bar No. 99804
The Law Office of Nnamdi S. Jackson, P.A.
2645 Executive Park Drive, suite 340
Weston, FL 33331
(954) 670-1267
njackson@nsjlawoffice.com